UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In Re:

Glen W. Simonds,                                            Bkry Case No: 18-41224

and                                                                    Chapter 13

Jennifer A. Simonds,

        Debtors,

---

**AMENDED NOTICE OF MOTION AND MOTION TO VALUE CLAIM OF
WILMINGTON SAVINGS FUND SOCIETY FSB DBA CHRISTIANA TRUST
IN DEBTORS' PRINCIPAL RESIDENCE**

---

**TO:** Mark A. Turner, CEO for Wilmington Savings Fund Society, James Dimon, CEO of
JPMorgan Chase, Vicci Lee, Hennepin County Treasurer, Matt Hollingsworth, CEO Select
Portfolio Servicing, and other entities specified under Federal Rules of Bankruptcy Procedure
3012.

1. The debtors' undersigned counsel, on behalf of the debtors, comes now for this Amended
   Motion to Value Claim of Wilmington Savings Fund Society FSB dba Christiana Trust
   (hereinto referred to as 'Wilmington Savings").

2. The Court will hold a hearing on this motion on **Thursday, October 18, 2018** at 10:30
   a.m., or as soon thereafter as counsel can be heard, before the Honorable Kathleen H.
   Sandberg, in U.S. Bankruptcy Court, Courtroom 8 West, Eighth Floor, U.S. Courthouse,
   300 South Fourth Street, St. Minneapolis, Minnesota.

3. Any response to this motion must be filed and served no later than <u>Friday, October 12,
   2018</u>, which is five days before the time set for hearing (including Saturdays, Sundays and
   holidays).  **UNLESS A RESPONSE OPPPOSING THE MOTION IS TIMELY
   FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding.  The petition commencing the case was filed on April 18, 2018.

5. This motion arises under 11 U.S.C. § 506(a), Fed. R. Bankr. P. 3012 and 9014, and Local Rule 9013-1 through 9013-3 and 3012-1.

6. The purpose of this motion is to determine the secured status of the claim of Wilmington Savings for the purpose of confirmation of the debtors' plan.  Specifically, the debtors are seeking to obtain the entry of an order from this court determining the value of Wilmington Savings' claim secured by its second-priority mortgage against the debtors' homestead residential real property pursuant to 11 U.S.C. § 506(a), Fed. R. Bankr. P. 3012, and local rule 3012-1 is wholly unsecured.

7. The debtors are the owners of certain homestead real property (hereinafter referred to as "the subject real property") located at 8117 Aster Drive, Brooklyn Park, MN 55428 and legally described as:

   Lot 4, Block 11, Garden Acres Second Addition, Hennepin County, Minnesota

8. An Owner and Encumbrances Report was prepared by All American Title Co. Inc. on June 15, 2018.  A copy of this report is attached to this motion as Exhibit A.

9. The subject real property is now and was at the time of the filing of the petition the debtors' principal residence.

10. The debtors obtained an appraisal on the subject real property on October 18, 2017 by James Anthony, a certified residential appraiser with James Anthony Appraisal Company. The appraisal established the fair market value of the subject real property as $148,000.00. A true and correct copy of the appraisal is attached to this motion as Exhibit B.

11. Debtor has subsequently had two additional appraisals performed on the subject real property in August 2018 after the filing of this case. Both of these appraisals would indicate the value of the property at the time of filing in April of 2018. The first of these two appraisals was performed August 14, 2018, by Dean P. Loosbrock, a certified appraiser with Pinnacle Appraisals West, Inc. The appraisal indicates that as of August 2018 the fair market value of the property is $161,000.00 See Exhibit C.

12. The next of the recent appraisals was performed on August 14, 2018, by Craig Marvin Wilker, a certified appraiser with Home Value Appraisal & Inspection, LLC. This appraisal sets the fair market value as of August 2018 at $167,000.00. See Exhibit D.

13. The subject real property secures a first-priority mortgage in favor of Bell Mortgage LLC DBA Bell Mortgage, for $189,500.00 dated February 22, 2008 and recorded on March 21, 2008 in the Office of the County Recorder, Hennepin County, Minnesota as instrument number 9111486. Mortgage Electronic Registration Systems (MERS) was designated nominee for Bell Mortgage LLC. See Exhibit E.

14. MERS assigned this first mortgage to JPMORGAN CHASE BANK NATIONAL ASSOCIATION on February 28, 2012. The assignment was recorded March 14, 2012 in the Office of the County Recorder, Hennepin County, Minnesota as Document No. A9763135. A true and correct copy of this assignment is attached to this motion as Exhibit F.

15.  The balance of the mortgage is listed on the Proof of Claim No. 14-1 as $163,266.96 as filed by JPMorgan Chase Bank, N.A. on June 26, 2018. See Exhibit G. This proof of claim was amended August 10, 2018 to list the balance as $162,040.04. See Exhibit H.

16.  The subject real property secures a second-priority mortgage in favor of MERS as nominee for FMF CAPITAL LLC for $45,000.00 dated November 16, 2005 and recorded December 22, 2005 in the Office of the County Recorded, Hennepin County, Minnesota as instrument number 8716764. The mortgage was subordinated by instrument number 9111487 entered

into on February 20, 2008 and recorded March 21, 2008 in the Office of the County Recorder, Hennepin County, Minnesota.  A true and correct copy of this mortgage is attached to this motion as Exhibit I.

17. MERS then assigned this mortgage to Wilmington Savings. The assignment was filed June 15, 2018 as Document Number A10563582. See Exhibit J.

18. Select Portfolio Servicing is the servicer for the note.  The balance of the mortgage is listed on the Proof of Claim No. 15-1 filed June 27, 2018, is $33,367.11. See Exhibit K.

19. A judgment in favor of Brian Bilski against Debtor 2 was recorded December 16, 2009, in the amount of $2,625.00. See Exhibit L.

20. A judgment in favor of National Account Services Inc against Debtor 2 was recorded March 5, 2012, in the amount of $2,606.03. See Exhibit M.

21. Hennepin County retains a lien on this property for property taxes. See Exhibits N and O.

22. The value of the subject real property is less than the balance of the first-priority mortgage in favor of JPMORGAN CHASE.

23. There is no value in the subject real property to which the lien of the second-priority mortgage in favor of Wilmington Savings can attach.

24. The debtors' Chapter 13 Plan filed on April 18, 2018, proposes to treat the claim of Wilmington Savings as unsecured in its entirety and to have the Standing Chapter 13 Trustee pay such claim as a general unsecured claim for purposes of the administration of this Chapter 13 Plan.  A true and correct copy of the Debtor's Chapter 13 Plan is attached to this motion as Exhibit P.

25. The anti-modification clause of 11 U.S.C. §1322(b)(2) does not prevent this result.

26. The debtors do not contest the validity, priority, or extent of the second-priority mortgage lien.

WHEREFORE, the debtors through their attorney, request an order from the court determining that the claim of Wilmington Savings is wholly unsecured pursuant to 11 U.S.C. § 506(a).


Dated:   September 17, 2018             /e/ *Kristen Whelchel*
                                        Kristen Whelchel (#339866)
                                        Hoglund, Chwialkowski & Mrozik PLLC
                                        1781 W. County Road B
                                        Roseville, Minnesota 55113
                                        (651) 628-9929

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In Re:                                                Bkry Case No:  18-41224

Glen W. Simonds,                                      Chapter 13

and

Jennifer A. Simonds,

                    Debtors.

---

**AMENDED MEMORANDUM IN SUPPORT OF MOTION TO VALUE CLAIM OF
WILMINGTON SAVINGS FUND SOCIETY FSB DBA CHRISTIANA TRUST
IN DEBTORS' PRINCIPAL RESIDENCE**

---

Chapter 13 Debtors Glen W. Simonds and Jennifer A. Simonds (hereinafter "debtors") have filed the accompanying motion seeking the entry of an order determining the value of the claim of Wilmington Savings Fund Society FSB DBA Christiana Trust (hereinafter "Wilmington Savings") secured by its second-priority mortgage against the debtors' homestead residential real property pursuant to 11 U.S.C. § 506(a), Fed. R. Bankr. P. 3012, and Local Rule 3012-1 is wholly unsecured and classifying the claim of Wilmington Savings Fund Society FSB DBA Christiana Trust as unsecured in its entirety to be treated as a non-priority general unsecured claim pursuant to 11 U.A.C. §502.

**FACTS**

The debtors initiated this case by filing a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").  The debtors scheduled their principal residence, located at 8117 Aster Drive, Brooklyn Park, MN 55428 (hereinafter referred to as "the subject real property") in Schedule A of the petition.  The debtors obtained an appraisal for the subject real property on October 18, 2017 from James Anthony, a certified residential appraiser with James Anthony Appraisal Company. which established the fair market value of the subject real property as $148,000.00. (*See* Exhibit B attached to the accompanying Motion to Value Claim).  This case

was filed April 18, 2018. The October appraisal was performed approximately 6 months before the filing of this case. This value from the October appraisal is supported by two additional appraisals that were completed four months after the case was filed. The first appraisal performed in August 2018 and values the property at $161,000. The second appraisal in August values the subject real property at $167,000.00. (See Exhibits C and D.) The average of these three appraisals is $158,666.67. The subject real property is subject to a first-priority mortgage in favor of JPMORGAN CHASE (*See* Exhibits E and F) in the amount of $162,040.04.  (*See* Exhibit H).  The subject real property is subject to a second-priority mortgage in favor of Wilmington Savings. (*See* Exhibits I and J) in an amount believed to be no less than $33,367.11.  (*See* Exhibit K).

The debtors' Chapter 13 Plan, proposes to treat the claim of Wilmington Savings as unsecured in its entirety because there is no value in the subject real property over and above the first-position lien in favor of JPMORGAN CHASE to which the second-priority lien of Wilmington Savings may attach.  The debtors do not contest the validity, priority, or extent of the second-priority lien of Wilmington Savings.

**ARGUMENT**

A Chapter 13 debtor may, through his or her plan, "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's personal residence, or holders of unsecured claims….." 11 U.S.C. §1322(b)(2) (2013).  The claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim only "to the extent of the value of such creditor's interest in the estate's interest in such property" and is an unsecured claim "to the extent that the value of such creditor's interest…is less than the amount of such allowed claim."  11 U.S.C. §506(a)(1) (2013).  A lien on property – and a claim based on that lien – is not secured if there exists "insufficient equity in the property to cover any portion of that lien."  *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 127 (2d Cir. 2001).  Therefore, the holder of a wholly unsecured claim as classified pursuant to 11 U.S.C. §506(a) is not the holder of "a claim secured only by a security interest in real property that is the debtors principal residence," and therefore the holder's "rights in the lien are not protected under the anti-modification exception of Section 1322 (b)(2)."  *Id*.  *See also In re Fisette*, 455 B.R. 177,

(8th Cir. BAP Minn 2011), *appeal dismissed for lack of jurisdiction*, 695 F3d 803, 807 (8th Cir. 2012) (concluding that "a debtor may generally strip off a wholly unsecured lien on his principal residence").

Federal Rule of Bankruptcy Procedure 3012 provides that "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." Local Rule 3012-1 establishes the procedure that must be followed by a Chapter 13 debtor seeking to modify the rights of the holder of a claim.

In order to determine the secured status of the creditor's claim, the value of the collateral must first be ascertained. *In re Calender*, 262 B.R. 777 (8th Cir. BAB Mo. 2001). Once the value of the real estate is found, deductions for encumbrances with priority over the lien in question must be subtracted from the value of the collateral. *Id.* If the value of the collateral is worth far less than the lien held by the first mortgage creditor, the claim held by the second mortgage creditor is wholly unsecured. The appropriate method of valuation of real estate for such a proceeding is to use fair market value without deducting for costs. *In re Rankin*, 49 BR 565 (Bankr. W.D. Mo, 1985). The appropriate date for valuation of the collateral for purpose of determining the secured or unsecured status of the creditor's claim is the date the debtor filed the petition. *TD Bank, N.A. v. Landry*, 49 B.R. 1, 6 (US Dist. Ct. D. Mass. 2012).

In this case, the debtors obtained an appraisal dated October 18, 2017. This date is near the time to the date the debtors filed this motion with the court. No improvements have been made to the subject real property since the date of the appraisal. The appraisal established the subject real property's value as $148,000.00, using commercially reasonable methods. The appraisal was completed by a certified residential real estate appraiser from James Anthony Appraisal Company. The value was obtained by a sales comparison approach and thorough inspection of the subject real property. The comparable sales used in the report were selected based on a comprehensive study of the subject market and nearby competing markets, and considered the "similar(ity] to the subject real property", "site and view", "design and appeal", "quality and construction", and "age".

The debtors have had two additional appraisals performed after the filing of this case. The average of all three of these appraisals is $158,666.67.

Here, the debtors are asking the court to value the secured claim of Wilmington Savings which is in second-priority position as a lien behind the first mortgage in favor of JPMORGAN CHASE. (*See* Exhibits C and D).  The fair market value of the subject real property as established by the appraisal is $148,000.00 (*See* Exhibit B).  The balance owed on the first-priority mortgage in favor of JPMORGAN CHASE is $162,040.04.  There is no value in the subject real property to which the second mortgage lien of Wilmington Trust can attach, and the value of the secured second mortgage claim of Wilmington Savings in the subject real property is $0.00 and it is therefore wholly unsecured. Even if the average of all three appraisals were to be used at $158,666.67 were to be used, there would still be no equity for the second mortgage to attach.

Because the claim of Wilmington Savings secured by its second-priority lien on the debtors' principal residence is wholly unsecured, the debtors may modify the rights of the holder of that claim.  Pursuant to 11 U.S.C. §1322(b)(2), debtors may modify the rights of Wilmington Savings by stripping off Wilmington Savings' lien against the debtors' principal residence.

### CONCLUSION

The debtors therefore ask this court to enter an order determining that the second mortgage claim of Wilmington Savings is wholly unsecured and shall be classified and treated as unsecured in its entirety pursuant to 11 U.S.C. §506 to be treated as a non-priority general unsecured claim pursuant to 11 U.S.C. §502; and for such other relief as may be just and proper.

Dated: <u>September 17, 2018</u>

/e/ *Kristen Whelchel*
Kristen Whelchel (#339866)
Hoglund, Chwialkowski & Mrozik PLLC
1781 W. County Road B
Roseville, Minnesota 55113
(651) 628-9929

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In Re:

Glen W. Simonds,                                              Bkry Case No: 18-41224

and                                                                        Chapter 13

Jennifer A. Simonds,

Debtor(s).

**ORDER TO DETERMINE THE SECURED STATUS OF WILMINGTON TRUST,
SAVINGS FUND SOCIETY FSB DBA CHRISTIANA TRUST
IN DEBTORS' PRINCIPAL RESIDENCE**

This case came before the court on the debtors' Motion to Determine Value Claim of Wilmington Savings Fund Society FSB DBA Christiana Trust (Wilmington Savings) based on the motion and the file:

IT IS ORDERED:

The claim of Wilmington Savings Fund Society FSB DBA Christiana Trust associated with a lien against the debtors' principal residence legally described as Lot 4, Block 11, Garden Acres Second Addition, Hennepin County, Minnesota, is wholly unsecured pursuant to 11 U.S.C. §506 for the purpose of confirmation of the debtors' plan.

Dated:_____                        _____

Kathleen H. Sanberg
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Bkry Case No: 18-41224 |
| Glen W Simonds, | Chapter 13 |
| and | |
| Jennifer A Simonds, | **UNSWORN CERTIFICATE** |
| Debtor. | **OF SERVICE** |

I, Sarah M. Dutton, employed by Hoglund & Chwialkowski & Mrozik, PLLC, attorneys licensed to practice law in this Court, with office address of 1781 West County Road B, Roseville, Minnesota 55113, declare that on September 18, 2018, I served the Amended Notice of Motion and Motion to Value Claim of Wilmington Savings Fund Society FSB DBA Christiana Trust in Debtors' Principal Residence to each of the entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

**The following were served by certified mail:**

**Wilmington Savings Fund Society FSB**
Mark A. Turner, CEO
500 Delaware Avenue
Wilmington, DE 19801
**Mr. Mark A. Turner is listed as the Chief Executive Officer and President of Wilmington Savings Fund Society FSB as obtained through www.investors.wsfsbank.com on July 5, 2018.**

**JPMorgan Chase**
James Dimon, President
270 Park Avenue
New York, NY 10017
**Mr. James Dimon is listed as the Chief Executive Officer of JPMorgan Chase as obtained through www.jpmorganchase.com on July 5, 2018.**

**Select Portfolio Servicing**
Matt Hollingsworth, CEO
3217 Decker Lake Dr
Salt Lake City, UT 84119
**Mr. Matt Hollingsworth is listed as the Chief Executive Officer of Select Portfolio Servicing, Inc. as obtained through www.bbb.org and secure.utah.gov on July 5, 2018.**

**National Account Services Inc**
John Ladaga CEO
1200 Abernathy Road NE
Suite 1000
Atlanta, GA 30328
**Mr. John Ladaga is listed as the Chief Executive Office and President of National Account Services Inc as obtained through [www.nasco.com](http://www.nasco.com) on July 5, 2018.**

**Hennepin County Tax**
Vicci Lee, Hennepin County Treasurer
A600 Government Center
300 South Sixth Street
Minneapolis, MN 55487

Wilford, Geske & Cook, P.A.
Orin J. Kipp
7616 Currell Blvd Ste 200
Woodbury, MN 55125

Usset, Weingarden & Libro, P.L.L.P
4500 Park Glen Road
Suite 300
St. Louis Park, MN 55416

Brian Biliski
925 Weeks Avenue SE
Minneapolis, MN 55414

### The following were served via first class mail postage prepaid

Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203

Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165-0250

Glen & Jennifer Simonds
8117 Aster Drive
Brooklyn Park, MN 55428

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: September 18, 2018
Signed: /e/ Sarah M. Dutton
       Paralegal

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In re:

Glen W. Simonds,

and

Jennifer A. Simonds,          Debtor(s).

Bankruptcy Case Number: 18-41224

**SIGNATURE DECLARATION**

---

( ) PETITION, SCHEDULES & STATEMENTS
( ) CHAPTER 13 PLAN
( ) SCHEDULES & STATEMENTS ACCOMPANYING VERIFIED CONVERSION
( ) AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
( ) MODIFIED CHAPTER 13 PLAN/MOTION FOR HEARING
(X) OTHER: Amended Motion to Value

I (we), the undersigned debtor(s) or authorized representative of the debtor, make the following declarations
    under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules,
   amendments, and/or chapter 13 plan, as indicated above, is true and correct;
2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the
   court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic
   commencement of the above-references case is true and correct;
3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2
   above, it is because I do not have a Social Security Number;
4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition,
   statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a
   scanned image of this Signature Declaration;
5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect
   as if it were my original signature on those documents; and
6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the
   debtor.

Date: 8/17/2018

Signature of Debtor 1 or Authorized Individual

Glen W. Simonds
Printed Name of Debtor 1 or Authorized Individual

Signature of Debtor 2

Jennifer A. Simonds
Printed Name of Debtor 2

HOGLUND, CHWIALKOWSKI & MROZIK, PLLC
Signed: /e/ *Robert J. Hoglund*
Robert J. Hoglund     #210997
1781 West County Road B
P.O. Box 130938
Roseville, Minnesota 55113
Telephone Number: (651) 628-9929

signdecj