# Exhibit K

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | GLENN W SIMONDS |
| Debtor 2 (Spouse, if filing) | JENNIFER A SIMONDS |
| United States Bankruptcy Court for the: | DISTRICT OF MINNESOTA |
| Case number | 18-41224 |

Official Form 410

# Proof of Claim                                                                                                     04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. Who is the current creditor? | Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as indenture trustee, for the CSMC 2017-1 Trust, Mortgage-Backed Notes, Series 2017-1 <br> Name of the current creditor (the person or entity to be paid for this claim) <br> Other names the creditor used with the debtor _____ | |
| 2. Has this claim been acquired from someone else? | ☒ No <br> ☐ Yes. From whom? _____ | |
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Select Portfolio Servicing, Inc. <br> Name <br><br> P.O. Box 65250 <br> Number       Street <br><br> Salt Lake City    UT    84165-0250 <br> City         State    ZIP Code <br><br> Contact phone    Tel # 1-800-258-8602 <br><br> Contact email    N/A <br><br> Uniform claim identifier for electronic payments in ch apter (if you use one): <br><br> ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ | **Where should payments to the creditor be sent?** (if different) <br><br> Select Portfolio Servicing, Inc. <br> Name <br><br> Attn: Remittance Processing, P.O. Box 65450 <br> Number       Street <br><br> Salt Lake City    UT    84165-0450 <br> City         State    ZIP Code <br><br> Contact phone    Tel # 1-800-258-8602 <br><br> Contact email    N/A |
| 4. Does this claim amend one already filed? | ☒ No <br> ☐ Yes. Claim number on court claims registry (if known)_____    Filed on _____ <br>                                                                                           MM / DD / YYYY | |
| 5. Do you know if anyone else has filed a proof of claim for this claims? | ☒ No <br> ☐ Yes. Who made the earlier filing? _____ | |

Official Form 410                                               **Proof of Claim**                                               Page 1

**Part 2:** Give Information About the Claim as of the Date the Case was Filed

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:     1013 |
| 7. | **How much is the claim?** | $33,367.11     **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claims?** | Example: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money loaned |
| 9. | **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle.<br>☐ Other. Describe: _____<br><br>**Basis for perfection:**    Recorded Deed of Trust / Mortgage_____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                  $_____<br><br>**Amount of the claim that is secured:**     $33,367.11<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $3,514.90<br><br>**Annual Interest Rate (when case was filed)** 9.24000%<br>☑ Fixed<br>☐ Variable |
| 10. | **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____ |
| 11. | **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property:_____ |

Official Form 410                                           **Proof of Claim**                                           Page 2

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | |
|---|---|---|---|
| | | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   06/27/2018
                 MM / DD / YYYY

/s/ Orin J. Kipp
Signature

**Print the name of the person who is completing and signing this claim:**

Name     Orin J. Kipp
         First name        Middle name        Last name

Title    Attorney for Select Portfolio Servicing, Inc.

Company  Wilford, Geske & Cook P.A.
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  7616 Currell Blvd Ste 200
         Number        Street
         Woodbury, MN  55125-2296
         City                State        ZIP Code

Contact phone   (651) 209-3300        Email   _____

Official Form 410   **Proof of Claim**   page 3

# Mortgage Proof of Claim Attachment (04/16)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 18-41224 |
| Debtor 1: | GLENN W SIMONDS |
| Debtor 2: | JENNIFER A SIMONDS |
| Last 4 digits to identify: | 1013 |
| Creditor: | Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as indenture trustee, for the CSMC 2017-1 Trust, Mortgage-Backed Notes, Series 2017-1 |
| Servicer: | Select Portfolio Servicing, Inc. |
| Fixed accrual/daily simple interest/other: | FIXED |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | $30,980.02 |
| Interest due: | $2,201.11 |
| Fees, costs due: | $185.98 |
| Escrow deficiency for funds advanced: | $0.00 |
| Less total funds on hand: | $0.00 |
| Total debt: | $33,367.11 |

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal and interest due: | $3,328.92 |
| Prepetition fees due: | $185.98 |
| Escrow deficiency for funds advanced: | $0.00 |
| Projected escrow shortage: | $0.00 |
| Less funds on hand: | $0.00 |
| Total prepetition arrearage: | $3,514.90 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal and interest: | $369.88 |
| Monthly escrow: | $0.00 |
| Private mortgage insurance: | $0.00 |
| Total monthly payment: | $369.88 |

---

# Mortgage Proof of Claim Attachment: Additional Page (04/16)

| | |
|---|---|
| Case number: | 18-41224 |
| Debtor 1: | GLENN W SIMONDS |

## Part 5: Loan Payment History from First Date of Default

| | | Account Activity | | | | | | How Funds were Applied/Amount Incurred | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment Amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| | | | | | | $0.00 | | | | | | | $31,896.98 | $0.00 | $0.00 | $0.00 |
| 01/01/2017 | $369.88 | | | Monthly Payment | | $369.88 | | | | | | | $31,896.98 | $0.00 | $0.00 | $0.00 |
| 01/13/2017 | | $369.88 | | Modified Payment | Jan-2017 | $0.00 | | $128.00 | $241.88 | | | | $31,768.98 | $0.00 | $0.00 | $0.00 |
| 02/01/2017 | $369.88 | | | Monthly Payment | | $369.88 | | | | | | | $31,768.98 | $0.00 | $0.00 | $0.00 |
| 03/01/2017 | $369.88 | | | Monthly Payment | | $739.76 | | | | | | | $31,768.98 | $0.00 | $0.00 | $0.00 |
| 03/17/2017 | | $369.88 | | Modified Payment | Feb-2017 | $369.88 | | $128.98 | $240.90 | | | | $31,640.00 | $0.00 | $0.00 | $0.00 |
| 03/17/2017 | | $406.86 | | Modified Payment | Mar-2017 | $0.00 | | $129.98 | $239.90 | | | | $31,510.02 | $0.00 | $0.00 | $0.00 |
| 04/01/2017 | $369.88 | | | Monthly Payment | | $369.88 | | | | | | | $31,510.02 | $0.00 | $0.00 | $0.00 |

**Mortgage Proof of Claim Attachment: Additional Page** (04/16)

| Case number: | 18-41224 |
| Debtor 1: | GLENN W SIMONDS |

**Part 5: Loan Payment History from First Date of Default**

| | | Account Activity | | | | | How Funds were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| A. Date | B. Contractual Payment Amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| 04/10/2017 | | $0.00 | | Non-Cash Balance Adjustment | Apr-2017 | $369.88 | | | | | | $31,510.02 | | $0.00 | $0.00 | $0.00 |
| 05/01/2017 | $369.88 | | | Monthly Payment | | $739.76 | | | | | | $31,510.02 | | $0.00 | $0.00 | $0.00 |
| 05/05/2017 | | $369.88 | | Modified Payment | Apr-2017 | $369.88 | $130.98 | $238.90 | | | | $31,379.04 | | $0.00 | $0.00 | $0.00 |
| 05/05/2017 | | $0.00 | | Modified Payment | Apr-2017 | $369.88 | | | | | | $31,379.04 | | $0.00 | $0.00 | $0.00 |
| 06/01/2017 | $369.88 | | | Monthly Payment | | $739.76 | | | | | | $31,379.04 | | $0.00 | $0.00 | $0.00 |
| 06/05/2017 | | $369.88 | | Modified Payment | May-2017 | $369.88 | $131.99 | $237.89 | | | | $31,247.05 | | $0.00 | $0.00 | $0.00 |
| 06/05/2017 | | $0.00 | | Modified Payment | May-2017 | $369.88 | | | | | | $31,247.05 | | $0.00 | $0.00 | $0.00 |
| 06/16/2017 | | | $18.49 | Late Charge | | $369.88 | | | | $18.49 | | $31,247.05 | | $0.00 | $18.49 | $0.00 |
| 07/01/2017 | $369.88 | | | Monthly Payment | | $739.76 | | | | | | $31,247.05 | | $0.00 | $18.49 | $0.00 |
| 07/17/2017 | | | $18.49 | Late Charge | | $739.76 | | | | $18.49 | | $31,247.05 | | $0.00 | $36.98 | $0.00 |
| 07/28/2017 | | $388.37 | | Modified Payment | Jun-2017 | $369.88 | $133.00 | $236.88 | | | $18.49 | $31,114.05 | | $0.00 | $36.98 | $18.49 |
| 07/28/2017 | | $0.00 | | Modified Payment | Jun-2017 | $369.88 | | | | | | $31,114.05 | | $0.00 | $36.98 | $18.49 |
| 07/31/2017 | | | ($18.49) | Late Charge | | $369.88 | | | | ($18.49) | | $31,114.05 | | $0.00 | $18.49 | $18.49 |
| 07/31/2017 | | $0.00 | | Pre-distributed Interest, Escrow, Payment | | $369.88 | | | | $18.49 | ($18.49) | $31,114.05 | | $0.00 | $18.49 | $0.00 |
| 08/01/2017 | $369.88 | | | Monthly Payment | | $739.76 | | | | | | $31,114.05 | | $0.00 | $18.49 | $0.00 |
| 08/16/2017 | | | $18.49 | Late Charge | | $739.76 | | | | $18.49 | | $31,114.05 | | $0.00 | $36.98 | $0.00 |

| Case number: | 18-41224 |
|---|---|
| Debtor 1: | GLENN W SIMONDS |

**Part 5: Loan Payment History from First Date of Default**

| A. Date | B. Contractual Payment Amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Account Activity | | | | | How Funds were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| 08/24/2017 | | | $15.00 | PROP INSPECTION | | $739.76 | | | | $15.00 | | $31,114.05 | $0.00 | $51.98 | $0.00 | |
| 09/01/2017 | $369.88 | | | Monthly Payment | | $1,109.64 | | | | | | $31,114.05 | $0.00 | $51.98 | $0.00 | |
| 09/08/2017 | | $406.86 | | Modified Payment | Jul-2017 | $739.76 | $134.03 | $235.85 | | | $36.98 | $30,980.02 | $0.00 | $51.98 | $36.98 | |
| 09/08/2017 | | $0.00 | | Modified Payment | Jul-2017 | $739.76 | | | | | | $30,980.02 | $0.00 | $51.98 | $36.98 | |
| 09/11/2017 | | | ($36.98) | Late Charge | | $739.76 | | | | ($36.98) | | $30,980.02 | $0.00 | $15.00 | $36.98 | |
| 09/11/2017 | | $0.00 | | Pre-distributed Interest, Escrow, Payment | | $739.76 | | | | $36.98 | ($36.98) | $30,980.02 | $0.00 | $15.00 | $0.00 | |
| 09/18/2017 | | | $18.49 | Late Charge | | $739.76 | | | | $18.49 | | $30,980.02 | $0.00 | $33.49 | $0.00 | |
| 10/01/2017 | $369.88 | | | Monthly Payment | | $1,109.64 | | | | | | $30,980.02 | $0.00 | $33.49 | $0.00 | |
| 10/10/2017 | | | $89.00 | PROP VALUATION | | $1,109.64 | | | | $89.00 | | $30,980.02 | $0.00 | $122.49 | $0.00 | |
| 10/16/2017 | | | $18.49 | Late Charge | | $1,109.64 | | | | $18.49 | | $30,980.02 | $0.00 | $140.98 | $0.00 | |
| 10/20/2017 | | | $15.00 | PROP INSPECTION | | $1,109.64 | | | | $15.00 | | $30,980.02 | $0.00 | $155.98 | $0.00 | |
| 11/01/2017 | $369.88 | | | Monthly Payment | | $1,479.52 | | | | | | $30,980.02 | $0.00 | $155.98 | $0.00 | |
| 12/01/2017 | $369.88 | | | Monthly Payment | | $1,849.40 | | | | | | $30,980.02 | $0.00 | $155.98 | $0.00 | |
| 12/06/2017 | | | $15.00 | PROP INSPECTION | | $1,849.40 | | | | $15.00 | | $30,980.02 | $0.00 | $170.98 | $0.00 | |
| 01/01/2018 | $369.88 | | | Monthly Payment | | $2,219.28 | | | | | | $30,980.02 | $0.00 | $170.98 | $0.00 | |
| 01/10/2018 | | | $15.00 | PROP INSPECTION | | $2,219.28 | | | | $15.00 | | $30,980.02 | $0.00 | $185.98 | $0.00 | |

# Mortgage Proof of Claim Attachment: Additional Page (04/16)

Case number: 18-41224

Debtor 1: GLENN W SIMONDS

**Part 5: Loan Payment History from First Date of Default**

| | | Account Activity | | | | | How Funds were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment Amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int and esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| 02/01/2018 | $369.88 | | | Monthly Payment | | $2,589.16 | | | | | | $30,980.02 | | $0.00 | $185.98 | $0.00 |
| 03/01/2018 | $369.88 | | | Monthly Payment | | $2,959.04 | | | | | | $30,980.02 | | $0.00 | $185.98 | $0.00 |
| 04/01/2018 | $369.88 | | | Monthly Payment | | $3,328.92 | | | | | | $30,980.02 | | $0.00 | $185.98 | $0.00 |

Official Form 410A   **Mortgage Proof of Claim Attachment**   Page 4 of 4

## Mortgage Proof of Claim Attachment: Addendum (04/16)

Case number: 18-41224
Debtor 1: GLENN W SIMONDS
Debtor 2: JENNIFER A SIMONDS

**Ongoing Post Petition Payment as of: 06/01/2018**

| | |
|---|---:|
| Principal and interest: | $369.88 |
| Monthly escrow: | $0.00 |
| Private mortgage insurance: | $0.00 |
| Total monthly payment: | $369.88 |

The entity that has the right to foreclose is Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as indenture trustee, for the CSMC 2017-1 Trust, Mortgage-Backed Notes, Series 2017-1 by virtue of being owner and holder of note.

# BALLOON NOTE
(Fixed Rate)

Loan Number:

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

November 16, 2005          ROSEVILLE          Minnesota
[Date]                     [City]             [State]

8117 ASTER DR NORTH
BROOKLYN PARK, Minnesota 55428
[Property Address]

1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 45,000.00          (this amount is called "Principal"), plus interest, to the order of Lender. Lender is   FMF Capital LLC

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   9.2400%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the   1st   day of each month beginning on   January 01, 2006
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on December 01, 2020   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at FMF Capital LLC, 25800 Northwestern Hwy #875, Southfield, MI 48075

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 369.88

MULTISTATE BALLOON FIXED RATE NOTE—Single Family—Fannie Mae Uniform Instrument          Form 3260 1/01

ITEM 4049L1 (0011)          (Page 1 of 3 pages)          GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

Loan Number

### 4. BORROWER'S RIGHT TO PREPAY  *SEE ATTACHED PREPAYMENT NOTE ADDENDUM

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Form 3260 1/01

ITEM 4049L2 (0011)    (Page 2 of 3 pages)    GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

(Page 4 of 6) Case 18-41424 Claim 1-1 Filed 06/27/18 Desc Main Document Page 1 of 19
Case 18-41424 Doc 150-11 Filed 06/27/18 Entered 09/18/18 12:13:20 Desc
Exhibit(s) K    Page 12 of 20

Loan Number: [redacted]

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
GLENN W. SIMONDS        -Borrower

_____ (Seal)
JENNIFER A. SIMONDS     -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

**SEE ATTACHED PREPAYMENT PENALTY RIDER**

[Sign Original Only]

ITEM 4049L3 (0011)      (Page 3 of 3 pages)      Form 3260 1/01
                                                  GREATLAND ■
                                      To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

(Page 6 of 6) Case 18-41-41424 Claim 15-1 Filed 06/27/18 Desc Main Document Page 12 of 19
Case 18-41424 Doc 50-11 Filed 06/27/18 Entered 06/27/18 12:13:20 Desc
Exhibit(s) K   Page 13 of 20

# PREPAYMENT PENALTY ADDENDUM TO NOTE

Loan Number

This "PREPAYMENT PENALTY ADDENDUM TO NOTE" (hereinafter "Addendum") is made this 16th day of November 2005, and is incorporated into and shall be deemed to amend and supplement the Promissory Note (the "Note") of same date made by the undersigned (the "Borrower") to **FMF Capital LLC**

(the "Lender") which is secured by a Deed Of Trust or Mortgage ("Security Instrument") on real property located at:

**8117 ASTER DR NORTH BROOKLYN PARK, Minnesota 55428**
*[Property Address]*

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Note, Borrower and Lender further covenant and agree that the paragraph entitled either "Borrower's Right To Prepay" or "Borrower's Payments Before They Are Due", whichever is applicable, is replaced with the following new section:

I have the right to make payments of Principal at any time before they are due. A prepayment of all of the unpaid principal is known as a "Full Prepayment." A prepayment of only part of the unpaid principal is known as a "Partial Prepayment."

If within the first **Thirty Six** ( 36 ) months from the execution of the Security Instrument I make a Full Prepayment, I will pay a prepayment charge in an amount equal to the lesser of two (2) percent of the unpaid principal balance or 60 days interest on the unpaid principal balance. There will be no prepayment charge if I make a Full Prepayment upon the sale of the property secured by the Note. There will be no prepayment charge if I make a partial prepayment.

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Prepayment Penalty Addendum To Note.

_____ Borrower       November 16, 2005
GLENN W. SIMONDS                          Date

_____ Borrower       November 16, 2005
JENNIFER A. SIMONDS                       Date

_____ Borrower       November 16, 2005
                                          Date

_____ Borrower       November 16, 2005
                                          Date

(Page 5 of 6)    Case 18-41424 Claim 1-1 Filed 06/27/18 Desc Main Document Page 13 of 19
Case 18-41424 Doc 50-11 Filed 09/18/18 Entered 09/18/18 12:13:20 Desc
Exhibit(s) K    Page 14 of 20

# ALLONGE

LOAN # [redacted]

Borrower(s): GLENN W. SIMONDS, JENNIFER A. SIMONDS

Property Address: 8117 ASTER DR NORTH
BROOKLYN PARK, Minnesota 55428

Principal Balance: 45,000.00

Loan Date: November 16, 2005

## PAY TO THE ORDER OF

_____

Without Recourse

Company Name: FMF Capital LLC

By: _Vincent Parlove_ (Signature)    Executive Vice President (Title)

Vincent Parlove

Multistate Note Allonge



Doc No 8716764  12/22/2005 08:15 AM
Certified filed and or recorded on above date:
Office of the County Recorder
Hennepin County, Minnesota
Michael H. Cunniff, County Recorder
Deputy 7          TransID 173945
Fees
$5.00 ConsFee
$35.50 DOC
$10.50 SUR
$51.00 Total

PLEASE RETURN TO: Box
FOUR SEASONS TITLE  118
1935 W. County Rd. d-2, #250
Roseville, MN 55113

# MORTGAGE

Loan
MIN

THIS MORTGAGE is made this **16th** day of **November 2005**, between the Mortgagor,
**GLENN W. SIMONDS and JENNIFER A. SIMONDS, husband and wife**
*f/k/a Jennifer A. Olson

(herein "Borrower"), and the Mortgagee, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**FMF Capital LLC**

("Lender") is organized and existing under the laws of **the State of Delaware**, and has an address of
**25800 Northwestern Hwy #875, Southfield, MI 48075**
WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ **45,000.00**,
which indebtedness is evidenced by Borrower's note dated **November 16, 2005** and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **December 1, 2020**;
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the County of
**HENNEPIN**     State of Minnesota:
**LOT 4, BLOCK 11, GARDEN ACRES 2ND ADDITION, HENNEPIN COUNTY, MN.**

Parcel ID: 31-119-21-14-0070

Henn Co    MRT
RAF    # 44803
12/14/2005
Paid    $103.00

Initials: G.S. / J.S.
Page 1 of 5

MINNESOTA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
Form 3824

Loan Number: [redacted]

which has the address of **8117 ASTER DR NORTH**                                                [Street],
**BROOKLYN PARK**     [City], Minnesota     **55428**     [Zip Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

G.S.

Minnesota
Form 3824                                                                                                       Initials: J.S.
                                                                                                                Page 2 of 5

Loan N<span style="background:black">     </span>

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to

*G.S.*
Initials: *J.S.*

Minnesota
Form 3824

Page 3 of 5

Loan Nu[REDACTED]

such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the power of sale hereby granted and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall mail a copy of a notice of sale to Borrower in the manner provided in paragraph 12 hereof. Lender shall publish and post the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all sums secured by this Mortgage; (b) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

Initials: G.S. / S.S.

Minnesota
Form 3824

Page 4 of 5

Loan Number: [redacted]

19. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, and at any time prior to the expiration of any period of redemption following sale of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall prepare and file a discharge of this Mortgage without charge to Borrower, and shall pay the fee for recording the discharge.

21. **Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)
GLENN W. SIMONDS          -Borrower

_____ (Seal)
JENNIFER A. SIMONDS       -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

*[Sign Original Only]*

STATE OF MINNESOTA,        HENNEPIN        County ss:

On this **16th** day of **November 2005**, before me appeared
**GLENN W. SIMONDS and JENNIFER A. SIMONDS, husband and wife**
  *f/k/a Jennifer A. Olson

to me personally known to be the person(s) named in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their voluntary act and deed.

My Commission Expires: 1/31/10

_____
Notary Public

ERIN M. KALKWARF
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010

This instrument was drafted by **ALHAN KALASHO**
**FMF Capital LLC**
**25800 Northwestern Hwy #875, Southfield, MI 48075**
Tax statements for the real property described in this instrument should be sent to:

FMF CAPITAL LLC
25800 NORTHWESTERN HWY #875
SOUTHFIELD, MI. 48075

Minnesota
Form 3824

# BALLOON RIDER

LOAN # ▮▮▮▮▮

(Full Repayment Required at Maturity)

THIS BALLOON RIDER is dated **11/16/2005**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed to Secure Debt (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure the Borrower's Note to
**FMF Capital LLC**
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

**8117 ASTER DR NORTH, BROOKLYN PARK, Minnesota 55428**
(Property Address)

The interest rate stated on the Note is called the "Note Rate". The date of the Note is called the "Note Date". I understand the Lender may transfer the Note, Security Instrument, and this Rider. The Lender or anyone who takes the Note, Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder".

The Note is a Balloon Note which means that the amount of my monthly payment is insufficient to repay the Note in full by Maturity. Therefore, the final payment will be significantly larger than the other payments under the Note.

I understand that the Lender is under no obligation to refinance the Note or to modify the Note or reset the Note Rate or to extend the Note Maturity Date or the Maturity Date of this Security Instrument, and that I will have to repay the Note from my own resources or find a lender willing to lend me the money to repay the Note.

I further understand that should I not repay the Note on or before the Maturity Date, I will be in default, and the Lender will have the right to exercise all of its rights against me because of my default, including the right to foreclosure of the Security Instrument, or other remedies permitted by law.

BY SIGNING BELOW, BORROWER accepts and agrees to the terms and covenants contained in this Balloon Rider.

_____ (Seal)
GLENN W. SIMONDS           -Borrower

_____ (Seal)
JENNIFER A. SIMONDS        -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower